

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATRICK LEE GRAYDON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-879-A |
| | § | (NO. 4:16-CR-136-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Patrick Lee Graydon ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, and pertinent parts of the record in Case No. 4:16-CR-136-A, styled "United States of America v. Patrick Lee Graydon, et al.," the court has concluded that the motion must be dismissed.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 7, 2016, movant was named in a one-count information charging him and a co-defendant, Tammy Sue Janicek, with conspiracy to possess with intent to distribute a controlled

substance, in violation of 21 U.S.C. § 846. CR Doc.¹ 117. On June 21, 2016, movant entered a plea of guilty and signed a written waiver of indictment, CR Doc. 123, and a factual resume setting forth the elements of the offense and stipulated facts, CR Doc. 124. On November 18, 2016, movant was sentenced to a term of imprisonment of 240 months. CR Doc. 159. Movant appealed, CR Doc. 163, but the appeal was dismissed as of April 5, 2017, based on movant's own motion. CR Doc. 176.²

On October 30, 2017, movant filed his motion to set aside, vacate, or correct sentence under 28 U.S.C. § 2255. CR Doc. 187; Doc.³ 1. Because the motion purported to raise one ground for relief and attempted to hold in reserve "several other issues" he would like reviewed, the court gave movant an opportunity to withdraw the motion and refile it at a later time. Doc. 4. In response to the order, movant filed a notice of appeal, falsely representing that the court had "entered anew on or about October 31, 2017" his final judgment of conviction, "authorizing an out of time appeal." CR Doc. 190. He has not withdrawn the motion at issue.

---

¹The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal action, No. 4:16-CR-136-A.

²The motion to withdraw appeal was signed by movant with the notation "APPROVED AS TO FORM AND SUBSTANCE." Doc. 10 at 002.

³The "Doc. __" reference is to the number of the item on the docket in this civil action.

II.

## Ground of the Motion

Movant asserts one ground in support of his motion. He says that he received ineffective assistance of counsel. As supporting facts, he alleges that his attorney persuaded him to dismiss his appeal.

III.

## Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete

3

miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not

4

just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

As the government notes, as a threshold matter, a motion under § 2255 should not be considered during the pendency of a direct appeal. See United States v Fantozzi, 90 F. App'x 73, 74 (5th Cir. 2004); Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972). Here, the appeal is a fraudulent one, filed under the false pretense that the court reinstated the underlying judgment against movant so as to make his recent notice of appeal timely. The appeal has been docketed under Case No. 17-11370 in the

United States Court of Appeals for the Fifth Circuit and the government avers that Tracie L. Tippen, who represented movant in the underlying criminal case, has been appointed to represent movant in connection with his newly filed appeal. Doc. 9 at 4. Tippen has filed a motion to withdraw as movant's attorney, reciting therein that:

> Counsel discussed [movant's] appellate rights with him following the sentencing hearing, and on November 30, 2016 filed the Notice of Appeal. Counsel met with [movant] on December 15, 2016, and on December 19, 2016 and he expressed his desire on both occasion[s] to abandon the appeal. On April 5, 2017, Counsel filed Appellant's Amended Unopposed Motion to Withdraw Appeal, which was signed by [movant]. This Court dismissed the appeal for Cause No 16-11701.

Doc. 10 at 007-008. The appellate court has not yet ruled on the motion or taken action with regard to the appeal.

Although it would seem highly unlikely that the disposition of the pending appeal would render movant's motion moot, the court finds that the better course would be to dismiss the motion without prejudice.

V.

Order

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, dismissed without prejudice.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255

Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

The court DIRECTS the Clerk to provide to the Fifth Circuit a copy of this memorandum opinion and order and the final judgment signed this date.

SIGNED January 5, 2018.

_____
JOHN McBRYDE
United States District Judge